### GREEN v. HART et al.

### No. 2044.

District Court, D. Connecticut.

March 13, 1930.

BURROWS, District Judge.

This matter comes to the court on a rule to show cause why the respondents should not be enjoined from seizing slot machines of the petitioner. The motion to dismiss is denied.

The parties are at issue on allegations of the petitioner that the machines in question are not gambling devices under sections 6476 and 6477 of the General Statutes of the state, prohibiting the keeping or possession of such devices when "used for gaming" or "used for the purpose of gambling." The gist of the offense under either statute is the *use* that is made of the machines by players.

I am satisfied from the evidence that the petitioner's machines come under the condemnation of the statutes. The operation of the machine shows that it not only is a vend-

ing machine, but that it also comes within the definition of gambling devices. By continued operation metal tokens at uncertain intervals and of uncertain number up to twenty are received, for which nothing is paid by the player, since the petitioner claims the package of mint delivered for a nickel is of the same quality and value as that which may be purchased for a nickel in ordinary trade. These tokens may then be played back into the machine, and the player receives therefor readings of witty sayings or prophecies, for which he pays nothing. The value of these witty sayings or prophecies, whether small or great, is of no consequence. The value is not necessarily measured in currency. As the number of readings which a player receives is dependent upon the number of tokens received, the element of chance is always present. Combining the element of chance with the inducement of receiving something for nothing results in gambling.

"A machine is a gambling device where its operation is such that the player in any event will receive something, but stands a chance to win something in addition." 27 Corpus Juris, 989.

These tokens are about the size of a nickel. Instead of the tokens always being played back into the machine, however, the player has, on occasions, fraudulently used them—which use is known to the petitioner—in place of nickels in telephone booths. By looking into a small window in the machine, the player knows, providing the machine is in working order, how many tokens he is to receive on the next play. This does not change the character of the machine, however, since he does not know how many he may receive on any succeeding play.

Before a court of equity can stay the hands of police officers and officials of state courts charged with the enforcement of criminal statutes, it must affirmatively appear that the property which the petitioner is praying the court to protect is not only legal in itself, but also that it is not with his knowledge used as a medium of fraud, especially where the aid of a federal equity court is sought. The petitioner claims that, unless an interlocutory injunction issue, he will be deprived of his property without due process of law. But it seems to me that the petitioner is seeking the aid of this court to prevent due process of law in the state courts, where an adequate remedy already exists, if, in a given case, the facts show no illegality.

The rule to show cause is therefore discharged. So ordered.